UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT GARR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case number 4:06cv0264 TCM |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This action is before the Court[1] on the opposed motion of defendant, BNSF Railway Company ("BNSF"), to transfer venue from the Eastern Division of the Eastern District of Missouri to the District's Northern Division pursuant to 28 U.S.C. § 1404(a). [Doc. 5]

## Background

Plaintiff, Robert Garr, alleges in his complaint that he was employed by BNSF when, in December 2005, he fell off a BNSF locomotive near Marceline, Missouri, and seriously injured himself. (Compl. ¶¶ 4-5, 7.) He attributes his fall to BNSF's negligence and to the defective condition of its locomotive. He seeks damages pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60.

BNSF moves to transfer the case to the Northern Division in Hannibal,[2] noting that Plaintiff resides in Linn County, Missouri, within the Northern Division and that the accident happened within Linn County. BNSF additionally argues that the convenience of the parties and

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]Plaintiff alleges, without contradiction by BNSF, that Hannibal is but 96 miles from St. Louis.

the witnesses militates in favor of transferring the case to the Northern Division. Specifically, Scott Dunbar, Plaintiff's co-worker at the relevant time, resides in Kansas City, Missouri, and travels through the Northern Division when working for BNSF; the emergency and medical personnel that responded to the scene reside in the Northern Division; the four BNSF employees who responded to the scene reside in the Northern Division; and Plaintiff's supervisor, and BNSF's key witness regarding Plaintiff's negligence allegations, resides and works in the Northern Division. BNSF "strongly prefers that this case be litigated in the Northern Division" as a more convenient forum. (Nystul Aff. ¶ 11.)

On the other hand, Plaintiff "strongly prefers that this matter be kept in the Eastern Division." (Groves Aff. ¶ 6.) The surgeon who operated on his spine and the psychiatrist who has treated him for his "mental/cognitive" injuries both reside in the Eastern Division. The emergency room physician who initially treated him is in Columbia, Missouri, within the Western District of Missouri. Dunbar resides in Kansas City, Missouri, also within the Western District. The testimony of the emergency and medical personnel, if needed, may be obtained by deposition. And, the remaining witnesses are employees of BNSF, a company in the transportation business. Moreover, counsel for both parties work in the Eastern Division and it is unlikely that a visit to the scene of the accident will be required given that the alleged cause of the accident was ice on the locomotive.

## Discussion

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. § 1404(a). It is undisputed that this action could have been filed in the Northern Division of this District.

"The statutory language [of § 1404(a)] reveals three general categories of factors that courts *must* consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." **Terra Int'l, Inc. v. Mississippi Chem. Corp.**, 119 F.3d 688, 691 (8th Cir. 1997) (alteration and emphasis added). A district court's evaluation of a motion to transfer is not limited to these three factors. **Id.** Instead, these factors "are broad generalities that take on a variety of meanings in specific cases." C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedure, § 3847 (2d ed. 1986). Thus, a district court has the discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" **Stewart Org., Inc. v. Ricoh Corp.**, 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 367 U.S. 612, 622 (1964)).

The Court is mindful when it is exercising its discretion that it is well established that the party seeking a transfer bears the burden of proving that a transfer is warranted. See **Terra Int'l, Inc.**, 119 F.3d at 695; **Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.**, 244 F.Supp.2d 1015, 1022 (E.D. Mo. 2002); **Brockman v. Sun Valley Resorts, Inc.**, 923 F.Supp. 1176, 1179 (D. Minn. 1996). See also **Anheuser-Busch, Inc. v. City Merchandise**, 176 F.Supp.2d 951, 959 (E.D. Mo. 2001) ("In considering a § 1404(a) motion, the Court must give great weight to the plaintiff's choice of a proper venue.") (Anheuser-Busch, Inc.). "This is because § 1404(a) provides for transfer 'to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient.'" **American Standard, Inc. v. Bendix Corp.**, 487 F.Supp. 254, 261 (W.D. Mo. 1980) (quoting Van Dusen, 376 U.S. at 645-46).

Convenience of Witnesses. "Probably the most important factor . . . in passing on a motion to transfer under 28 U.S.C. § 1404(a) is the convenience of the witnesses." Federal Practice and Procedure at § 3851 (alteration added). See also **Anheuser-Busch, Inc.**, 176 F.Supp.2d at 959 ("The primary, if not the most important of [the § 1404(a) factors] is the convenience of the witnesses.") (alteration added; interim quotations omitted); **American Standard, Inc.**, 487 F.Supp. at 262 (holding to same effect). The witnesses to be considered, however, must be "substantially part of the case itself, as they relate to the occurrence of an accident or incident and to doctors who have actually treated the person involved or who may have received the injuries . . ." **Wilson v. Ohio River Co.**, 234 F. Supp. 283, 285 (W.D. Pa. 1964) (alteration added).

Plaintiff alleges that ice on a BNSF locomotive caused his fall. Accordingly, the necessary witnesses are those familiar with the condition of the locomotive or Plaintiff's injuries or those competent to testify about any design defects in the locomotive or other problems that might have caused the ice. The emergency and medical personnel who responded to the scene are residents of the Northern Division; the surgeon and psychiatrist who treated Plaintiff are residents of the Eastern Division. The testimony of the former group will not necessarily be required; that of the second group will be. "'Merely shifting the inconvenience from one side to another . . . obviously is not a permissible justification for a change of venue.'" **Terra Int'l**, 119 F.3d at 696-97 (quoting Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992)) (alteration added). The other witnesses are employees of BNSF. The Court is confident that, should the presence of these witnesses at trial be necessary, BNSF will be able to secure their attendance in St. Louis without undue cost or inconvenience.

Convenience of Parties. The Court finds that consideration of this factor militates neither in favor of or against either location.

Interest of Justice. Included in this factor are such considerations as the availability of judicial process to compel testimony from hostile witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if a transfer is granted, and the practical considerations of cost and efficiency. **Anheuser-Busch, Inc.**, 176 F. Supp.2d at 959. Accord **Jones v. GNC Franchising., Inc.**, 211 F.3d 495, 498-99 (9th Cir. 2000); **Choice Equip. Sales, Inc. v. Captain Lee Towing, L.L.C.**, 43 F.Supp.2d 749, 754 (S.D. Tex. 1999); **American Standard, Inc.**, 487 F.Supp. at 264.

Neither party has argued that a hostile witness will be called. The governing law is the same regardless of whether the trial is held in Hannibal or St. Louis. Consideration of the ease of access to the sources of proof favor St. Louis given the location here of the two health care providers. Considerations of cost and efficiency favor neither location.

Accordingly, after considering the three factors set out in § 1404(a), BNSF's burden, and the weight to be given Plaintiff's choice of forum,

**IT IS HEREBY ORDERED** that Defendant's motion to transfer venue [Doc. 5] is **DENIED**.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of April, 2006.